UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE HOOSIER,

        Petitioner,        CIVIL ACTION NO. 12-11414
v.        HON. GEORGE CARAM STEEH

JOHN PRELESNIK,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE**

Dwayne Hoosier, ("Petitioner"), a state prisoner, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his Oakland Circuit Court convictions of three counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b, and one count each of assault with intent to do great bodily harm, MICH. COMP. LAWS § 750.84, unarmed robbery, MICH. COMP. LAWS § 750.530, and unlawful imprisonment. MICH. COMP. LAWS § 750.349b. Petitioner has filed a letter motion to stay the habeas corpus proceeding and hold the petition in abeyance to permit him to return to the state courts and file a motion for relief from judgment raising his unexhausted ineffective assistance of counsel claims. For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to return to the state courts. If this fails, the petition will be dismissed without prejudice.

-1-

## I. Background

Petitioner was convicted after a jury trial in the Oakland Circuit Court. Following his convictions and sentences, Petitioner filed a claim of appeal in the Michigan Court of Appeals, which raised his first two habeas claims: (1) erroneous admission of hearsay evidence, and (2) erroneous admission of prior bad acts testimony. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion. *People v. Hoosier*, No. 292156 (Mich. Ct. App. September 30, 2010).

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court which raised the same two claims as he had raised in the Michigan Court of Appeals. Petitioner also raised an additional claim asserting ineffective assistance of trial counsel that now forms his third habeas claim. On March 29, 2011, the Michigan Supreme Court denied the application for leave because it was not persuaded that the questions presented should be reviewed. *People v. Hoosier*, 489 Mich. 860, 795 N.W.2d 126 (2011) (unpublished table decision).

Petitioner filed his habeas petition on March 29, 2012. The petition raises four claims. The first two claims are the same ones raised by Petitioner in both the Michigan Court of Appeals and Michigan Supreme Court. His third claim was raised only in the Michigan Supreme Court. And Petitioner's fourth claim was not presented at all in the state courts.

## II. Discussion

Federal district courts are authorized to stay habeas petitions pending the exhaustion of other claims. *Moritz v. Lafler*, No. 2:07-CV-15369, 2008 WL 783751, at *2 (E.D. Mich. Mar. 19, 2008) (citing *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000)). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to stay proceedings pending exhaustion on a

habeas petition, rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652, n. 1 (6th Cir. 2002).

In this case, Petitioner requests a stay because he alleges that he would like to file a motion for relief from judgment in the trial court and exhaust his third and fourth habeas claims. As Respondent correctly argued in its answer, Petitioner's third habeas claim is not exhausted because it was not presented to the Michigan Court of Appeals. *See Welch v. Burke*, 49 F.Supp.2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Petitioner's fourth claim is not exhausted because it was not presented to any state court.

A common circumstance calling for abating a habeas petition arises when a Petitioner wishes to exhausted claims, but the dismissal without prejudice of the petition would probably result in the second petition being time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002). The Michigan Supreme Court denied leave to appeal after Petitioner's direct appeal on March 29, 2011. The period of limitations began running 90 days later when the time for filing a petition for certiorari in the United States Supreme Court expired, or on June 29, 2011. See § 2244(d)(1)(a). Accordingly, Petitioner had approximately 90 days remaining on the limitations period when he filed the instant petition.

The Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416

(2005)(*citing Rhines v. Weber,* 544 U.S. 269, 278 (2005)). The Court will, therefore, grant Petitioner's motion.[1]

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Petitioner to pursue post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner filing his motion for relief from judgment within sixty (60) days and then returning to federal court within sixty (60) days of completing the exhaustion of state court post-conviction remedies. *Hargrove*, 300 F. 3d at 721; *See also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. ORDER

It is **ORDERED** that Petitioner's motion to hold the petition for writ of habeas corpus in abeyance is **GRANTED**. Petitioner may file a motion for relief from judgment with the state court

---

[1] Respondent requests that the petition be denied on the merits despite Petitioner's failure to exhaust his third and fourth claims under 28 U.S.C.§ 2254(b)(2). A denial of an unexhausted claim on the merits should occur "only when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005); *Jones v. Morton*, 195 F.3d 153, 156 n.2 (3d Cir. 1999). Petitioner's claims of ineffective assistance of counsel make allegations of fact that are outside of the state court record. The Court finds that the state court should therefore be given an opportunity to pass on these claims before they are addressed on federal habeas review.

within sixty (60) days of receipt of this Court's order.  If Petitioner fails to do so by that date, the Court will dismiss his petition without prejudice.

If Petitioner files the motion, he shall notify this Court that such papers have been filed in state court.  The case will then be held in abeyance pending  Petitioner's exhaustion of the claims.  Petitioner shall refile a habeas petition within sixty (60) days after the conclusion of the state court post-conviction proceedings.  Petitioner is free at that time to file an amended habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Dated:  December 5, 2012

s/George Caram Steeh<br>
GEORGE CARAM STEEH<br>
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Dwayne Hoosier #197620, Richard A. Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846, on December 5, 2012, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk