UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE HOOSIER,

    Petitioner,

Case No. 2:12-CV-11414

v.

Hon. George Caram Steeh

JOHN PRELESNIK,

    Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF
HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, AND
(3) DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Dwayne Hoosier, ("Petitioner"), a state prisoner, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his Oakland Circuit Court convictions of three counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b, and one count each of assault with intent to do great bodily harm, MICH. COMP. LAWS § 750.84, unarmed robbery, MICH. COMP. LAWS § 750.530, and unlawful imprisonment. MICH. COMP. LAWS § 750.349b. The petition raises four claims: (1) Petitioner was denied a fair trial and his right to confrontation by the admission of hearsay, (2) Petitioner was denied a fair trial by the admission of prior bad acts evidence, (3) Petitioner was denied the effective assistance of counsel by his counsel's failure to prepare for trial, and (4) Petitioner was denied the effective assistance of counsel by his counsel's failure to conduct an adequate investigation.

For the reasons stated below, the Court finds that Petitioner's claims are without merit or barred by his state court procedural defaults. The Court also denies Petitioner a certificate of appealability and denies permission to appeal in forma pauperis.

**I. Background**

Petitioner was convicted after a jury trial in the Oakland Circuit Court. The Michigan Court of Appeals succinctly summarized the facts adduced at trial as follows:

> Complainant testified that defendant, the father of her two youngest children, in a fit of jealousy over whom complainant had been telephoning, entered her house in the early morning hours of October 25, 2008, said "wake up bitch," struck her repeatedly in the head, forced her to drive them to an ATM to withdraw cash to surrender to him, lashed her buttocks with a belt, and forcibly penetrated her with his penis, vaginally, orally, and anally, during the course of which he several times threatened to kill her.

People v. Hoosier, No. 292156, 2010 WL 3813344 (Mich. Ct. App. Sept. 30, 2010).

The jury found Petitioner guilty of the offenses indicated above. Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals, which raised his first two habeas claims: (1) erroneous admission of hearsay evidence, and (2) erroneous admission of prior bad acts testimony. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion. Id.

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court which raised the same two claims as he raised in the Michigan Court of Appeals. Petitioner also raised an additional claim asserting ineffective assistance of trial counsel that now forms his third habeas claim. This late presentation of the claim did not satisfy the exhaustion requirement. See Castille v. Peoples, 489 U.S. 346, 351 (1989). On March 29, 2011, the Michigan Supreme Court denied the application for leave because it

was not persuaded that the questions presented should be reviewed. People v. Hoosier, 489 Mich. 860, 795 N.W.2d 126 (2011) (unpublished table decision).

After this Court stayed the petition for Petitioner to properly exhaust his ineffective assistance of counsel claims, Petitioner returned to state court and filed a motion for relief from judgment, raising what now form his third and fourth habeas claims. The trial court denied the motion for relief from judgment because Petitioner failed to show actual prejudice as required by Michigan Court Rule 6.508(D)(3)(b), and because his claims lacked merit. People v. Hoosier, No. 08-223959, Oakland Cir. Ct. Opinion and Order (Aug. 12, 2013).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, but it denied the application for leave to appeal for failure to establish entitlement to relief under Rule 6.508(D). People v. Hoosier, No. 320282, Mich. Ct. App. Order (April 12, 2014). Petitioner applied for leave to appeal this decision in the Michigan Supreme Court, but it also denied relief under Michigan Court Rule 6.508(D). People v. Hoosier, 856 N.W.2d 48 (Mich. 2014) (unpublished table decision).

## II. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is bared under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a

set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam), quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) quoting Williams, 529 U.S. at 413.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011), quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103 (internal quotation omitted).

### III. Analysis

**A. Admission of Hearsay**

Petitioner's first claim asserts that he was denied a fair trial by the admission of four sets of hearsay statements at trial. First, Petitioner challenges the admission of the complainant's mother's testimony that the complainant told her that Petitioner beat her and

-4-

protested when the mother said she would call the police. Next, Petitioner challenges the admission of the mother's testimony that the complainant told her on the way to the hospital that Petitioner raped her for six hours and threatened to kill her. Petitioner also challenges the testimony of the emergency room physician relaying the complainant's description of the physical and sexual assault. Finally, Petitioner challenges the admission of testimony from complainant's ten-year-old daughter that a few nights after the incident her mother told her the noises she heard on the date of the incident was Petitioner hitting her.

Petitioner raised these arguments on direct appeal. The Michigan Court of Appeals rejected each claim on the merits. It found that the first two statements were properly admitted under Michigan Rule of Evidence 803(2) as excited utterances. It found the third set of statements were properly admitted as statements made for purposes of medical treatment or diagnosis under Rule 803(4). And it found that Petitioner waived his fourth challenge by withdrawing a sustained objection to the daughter's testimony.

To the extent that Petitioner contends that the trial court erred in determining that the victim's statement did not qualify as an excited utterance, or that the other statements did not qualify under other exceptions to hearsay rules, such is not a basis for habeas relief. It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. Seymour v. Walker, 224 F. 3d 542, 552 (6th Cir. 2000). What is or is not hearsay evidence in a state court trial is governed by state law. See Johnson v. Renico, 314 F. Supp. 2d 700, 705 (E.D. Mich. 2004) (internal citations omitted). Petitioner's claim that the trial court erred in determining that these statements

did not qualify for admission under Michigan's hearsay rule presents a state evidentiary law issue which is not cognizable on federal habeas review. See e.g. Smith v. Jones, 326 Fed. Appx. 324, 330 (6th Cir. 2009).

Petitioner's argument that the admission of the statements denied his right to a fair trial under the Fourteenth Amendment cannot be supported by clearly established Supreme Court law. "[S]tate-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend . . . some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" Seymour v. Walker, 224 F.3d 542, 552 (6th Cir. 2000) (quoting Montana v. Egelhoff, 518 U.S. 37, 43 (1996)). Petitioner has not cited to any clearly established Supreme Court law–nor is the Court aware of any–holding that the fundamental fairness of a trial is undermined by out-of-court statements made by the complainant and properly admitted under state evidence rules. And even if some rule of evidence was violated, relief on collateral review is granted "only when a trial error 'had substantial and injurious effect or influence in determining the jury's verdict.'" Ford v. Curtis, 277 F.3d 806, 809 (6th Cir. 2002) (citing Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)). Petitioner fails to show that the alleged evidentiary error rose to the level of a federal constitutional violation warranting relief or that any error affected the jury's verdict. The victim's prior statements largely mirrored her trial testimony. The jury was not exposed to any information regarding the offense that they would otherwise not have heard.

Finally, to the extent Petitioner asserts that the admission of the statements violated his Sixth Amendment Confrontation rights, the claim likewise fails. Because the declarant of the hearsay statements–the victim–testified at trial and was subject to

cross-examination, admission of her out-of-court statements did not violate the Confrontation Clause. See Crawford v. Washington, 541 U.S. 36, 60 b.9 (2004).

### B. Admission of Prior Bad Acts Evidence

Petitioner's second claim asserts that he was denied a fair trial by the admission of testimony by the complainant that Petitioner had previously hit her and threatened her. Both the Supreme Court and the Sixth Circuit have repeatedly held that a defendant is not denied a fair trial by the admission of prior bad acts evidence which is relevant in the defendant's trial. See Estelle, 502 U.S. at 69-70; Dowling v. United States, 493 U.S. 342, 353-54 (1990); Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir. 2003); Coleman v. Mitchell, 268 F.3d 417, 439-40 (6th Cir. 2001). In short, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence," Bugh, 329 F.3d at 512, and thus Petitioner is not entitled to habeas relief on this claim.

### C. Ineffective Assistance of Counsel

Petitioner's third and fourth claims raise allegations of ineffective assistance of trial counsel. Petitioner argues that his counsel was unprepared for trial. He states that his counsel only met with him twice before trial, did not adequately cross examine the witnesses, failed to call unnamed defense witnesses, failed to obtain text messages and phone records to challenge the complainant's testimony, and was biased against him. These claims were only properly presented and exhausted in the state courts in Petitioner's motion for relief from judgment and the appeal that followed. Respondent argues that these claims are barred from review by Petitioner's state court procedural default. The Court agrees.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750-51 (1991).

Petitioner's third and fourth claims are procedurally defaulted because they were raised for the first time in petitioner's post-conviction motion for relief from judgment, and the state trial court determined that Petitioner failed to show actual prejudice would result from a failure to review the claims as required by Michigan Court Rule 6.508(D)(3). See Dkt. 19-3. Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, the absence of good cause for the failure to raise such grounds previously, and actual prejudice resulting therefrom. The finding that Petitioner failed to demonstrate actual prejudice under this rule constitutes the invocation of an independent and adequate state procedural ground for decision barring review of Petitioner's claims in this action. Howard v. Bouchard, 405 F.3d 459, 477 (6th Cir. 2005). It should be noted that the trial court's decision is the relevant one to determine whether the Petitioner's claims were rejected on the basis of a failure to comply with a state procedural rule because the state appellate court orders were unexplained. See Guilmette v. Howes, 624 F. 3d 286, 291 (6th Cir. 2010).

Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective. It is well-established that a criminal defendant does not have a constitutional

right to have appellate counsel raise every non-frivolous issue on appeal. See Jones v. Barnes, 463 U.S. 745, 751 (1983).

The United States Supreme Court has explained:

For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

Id. at 463 U.S. at 754.

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002).

Petitioner fails to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting his third and fourth claims of ineffective assistance of trial counsel. Appellate counsel filed an appellate brief containing two issues that now form Petitioner's two lead claims. Petitioner has not shown that appellate counsel's strategy in presenting these claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Michigan Attorney General in the answer to the petition for writ of habeas corpus and those contained in the trial court's alternative analysis, none of the omitted claims have obvious merit. Because the defaulted claims are not "dead bang winners," Petitioner has failed to establish cause for his procedural default in failing to raise these claims on direct review. See McMeans v. Brigano, 228 F.3d 674, 682-83 (6th Cir. 2000).

Petitioner has failed to show cause to excuse his default in failing to raise the claims that he advanced for the first time on state post-conviction review. Because petitioner has not demonstrated cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. Smith v. Murray, 477 U.S. 527, 533 (1986). Nor has Petitioner attempted to present this claim with a credible claim of actual innocence. Accordingly, review of Petitioner's ineffective assistance of trial counsel claims is barred.

The petition will therefore be denied.

### IV. Certificate of Appealability

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002). Here, jurists of reason would not debate the Court's conclusion that Petitioner has not meet the standard for a certificate of appealability because his claims are completely without merit or barred by his state court procedural default.

The standard for granting an application for leave to proceed in forma pauperis ("IFP") is a lower standard than the standard for certificates of appealability. Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). A court may grant IFP status if it finds that an appeal is being taken in good faith. Id. at 764-765; 28 U.S.C. § 1915(a)(3);

Fed. R. App. P. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. <u>Foster</u>, 208 F. Supp. 2d at 765. Petitioner's claims are frivolous. Therefore an appeal cannot be taken in good faith and Petitioner may not proceed IFP on appeal.

### V. Conclusion

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, **DENIES** a certificate of appealability, and **DENIES** permission to proceed on appeal in forma pauperis.

**SO ORDERED.**

Dated: April 1, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 1, 2016, by electronic and/or ordinary mail and also on Dwayne Hoosier #197620, Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048.

s/Barbara Radke
Deputy Clerk